FILED
United States Court of Appeals
Tenth Circuit

April 23, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARLON GUTIERREZ,

Defendant - Appellant.

No. 20-3215
(D.C. No. 2:17-CR-20007-JAR-4)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Marlon Gutierrez pled guilty to one count of conspiracy to possess with intent

to distribute 50 grams or more of methamphetamine. He was sentenced to

260 months in prison, which was below the advisory sentencing guidelines range.

Although his plea agreement contained a waiver of his appellate rights, he filed a

pro se notice of appeal. The government then filed a motion to enforce the appeal

waiver. Counsel appointed to represent Mr. Gutierrez on this appeal (who was not

his trial counsel) filed a Motion to Withdraw under *Anders v. California*, 386 U.S.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

738 (1967), and a brief in support. Counsel also filed a separate response to the motion to enforce, which referenced the *Anders* brief.

The court notified Mr. Gutierrez that he could file a pro se response to show why the appeal waiver should not be enforced. His attorney then filed a request for an extension of time for Mr. Gutierrez to file his pro se response. Counsel indicated the extension was necessary because counsel had been under the mistaken belief that Mr. Gutierrez sufficiently understood written and spoken English. Counsel asked for the extra time so he could address with his client the issues relating to this case with the aid of a Spanish-speaking interpreter. We granted Mr. Gutierrez an extension of time to file his pro se response.

Although the order extended the deadline for Mr. Gutierrez to file a pro se response, he did not file one. Instead, counsel for Mr. Gutierrez filed another response. Counsel explained that he wrote a letter to his client describing what had transpired in this court to date and had that letter translated into Spanish and sent to Mr. Gutierrez. Counsel further explained that he had an extensive discussion with Mr. Gutierrez about all the issues in this appeal with the interpreter translating the conversation between the two of them. Even though counsel was assisted by an interpreter in translating his letter and in his discussions with his client, counsel stated that due to Mr. Gutierrez's limited English capability, Mr. Gutierrez would not be able to adequately address the motion to enforce and counsel's *Anders* brief. Counsel, however, did not request any additional relief for Mr. Gutierrez.

Counsel has not revoked his initial motion to withdraw and *Anders* brief. We therefore proceed under the *Anders* framework. Consistent with *Anders*, the court provided Mr. Gutierrez with a copy of counsel's initial filings and he was given the opportunity to file a pro se response. *See* 386 U.S. at 744. He did not do so.

We next examine the proceedings to determine whether there are any meritorious arguments in opposition to the motion to enforce. *See id.* We will enforce an appeal waiver if (1) "the disputed appeal falls within" the waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). The government argues that all three of these conditions are met in this case.

Based on our review of the record, we conclude that Mr. Gutierrez's appeal waiver should be enforced under *Hahn*. First, his appeal of his sentence falls within the scope of his waiver. Second, his waiver was knowing and voluntary based on the statements in his plea agreement and at his change-of-plea hearing.[1] Third, enforcing the waiver would not result in a miscarriage of justice because the court did not rely on an impermissible

---

[1] In counsel's last response, he indicated that an unnamed family member alleged that the interpreter at Mr. Gutierrez's change-of-plea hearing did not correctly translate the portion of the colloquy between the district court and Mr. Gutierrez regarding the waiver of his appellate rights. But counsel has not attached an affidavit to support this allegation nor has he referenced anything from the record that might support this allegation. Based on our review of the transcript of the change-of-plea hearing in the record, Mr. Gutierrez knowingly and voluntarily waived his right to appeal. Mr. Gutierrez would need to raise any claim based on alleged translation errors in a collateral-review proceeding, if permitted by his plea agreement and otherwise appropriate.

factor at sentencing, the sentence is below the statutory maximum, and the waiver is not otherwise unlawful. *See Hahn*, 359 F.3d at 1327.

Finally, we note that in counsel's initial response to the motion to enforce, he raised the possibility of ineffective assistance of counsel as an argument against enforcing the waiver because Mr. Gutierrez said that his trial counsel "did nothing" for him and "did not argue" for him. Resp. to Mot. to Enforce at 4 (internal quotation marks omitted). But we have recognized that "a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review," including "where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Accordingly, we grant the government's motion and dismiss the appeal. We do so, however, without prejudice to Mr. Gutierrez's right to pursue post-conviction relief on the grounds permitted in his plea agreement. We also grant counsel's motion to withdraw.

Entered for the Court
Per Curiam

4